# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    *Plaintiff,*<br><br>v.<br><br>JOSEPH CAMMARATA,<br><br>    *Defendant.* | Crim. No.: 3:22-cr-00639-PGS<br><br>**MEMORANDUM AND ORDER** |

    This matter is before the Court on defendant Joseph Cammarata's *ex parte* motion (ECF No. 54), which he filed under seal and *pro se* without consulting his counsel. The motion has since been provided to all parties, but at the request of Defendant's counsel, the Government has not viewed the motion. In response to Defendant's motion, the Government filed a motion to strike the *pro se* pleading, or in the alternate, for an order allowing disclosure of the motion. (ECF No. 55). On September 11, 2023, the Court convened a teleconference at which Defendant was in attendance.

    At the outset, the Court notes that it has made several attempts to read and understand Defendant's 25-page motion, but it is utterly incomprehensible. During the conference, Ms. Grasso, Defendant's counsel, stated that she had advised her client that his *pro se* motion did not have valid legal footing, but Defendant did not

1

wish for the motion to be withdrawn. Apart from those brief remarks, defense counsel declined to comment on or supplement the motion. Defendant himself acknowledged that the motion is difficult to comprehend.[1]

Although his attorney advised against speaking, Defendant addressed the Court at the hearing. Inasmuch as the Court understands, Defendant raises three issues. First, he asserts that the Government has not provided him with tax and financial documents relating to three entities that he owned, operated or controlled. Second, Defendant seeks to have the habeas corpus petition that he filed in the Eastern District of Pennsylvania transferred to this Court. Finally, Defendant seeks to have the Government provide its position on the result of this criminal action in the event that his criminal conviction in the Eastern District of Pennsylvania is overturned on appeal.

Before all else, it must be said that "[t]he Constitution does not confer a right to proceed simultaneously by counsel and *pro se* . . . ." *United States v. D'Amario*, 268 F. App'x 179, 180 (3d Cir. 2008) (citing *McKaskle v. Wiggins,* 465 U.S. 168, 183, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984)). That sort of "hybrid representation" is disallowed because a defendant does not have the right to "choreograph special appearances by counsel." *McKaskle*, 465 U.S. at 183. "Once a *pro se* defendant

---

[1] Defendant informed the Court that he received assistance in writing motion by an individual with Asperger's Syndrome.

invites or agrees to any substantial participation by counsel, subsequent appearances by counsel must be presumed to be with the defendant's acquiescence, at least until the defendant expressly and unambiguously renews his request that . . . counsel be silenced. *Id.* Thus, when an accused invokes his or her Six Amendment right to counsel, a district court is under no obligation to consider *pro se* motions. *See United States v. D'Amario*, 328 F. App'x 763, 764 (3d Cir. 2009). The Court will abide by this principal here.[2]

In this criminal action, Defendant is represented by two qualified, court-appointed defense attorneys, including Mr. Miller, who is a former Assistant United States Attorney and was Defendant's preferred choice of counsel. To the extent that discoverable documents and information have not been provided, Defendant's attorneys may bring an appropriate motion. Moving forward, the Court will not entertain *pro se* motions filed by Defendant except for those that raise claims of ineffective assistance of counsel. *See United States v. D'Amario*, 268 F. App'x 179, 180 (3d Cir. 2008) (affirming the lower court's decision to limit *pro se* filings submitted by the defendant while he was represented by counsel).

---

[2] Still, the Court notes that it does not have jurisdiction to transfer a habeas corpus petition filed in another federal judicial district. Further, the Government is not legally obligated to provide its position on this prosecution in the potential event that Defendant's EDPA conviction is overturned.

3

## **ORDER**

Having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments therein presented, and for good cause shown,

**IT IS** on this 29th day of September 2023:

**ORDERED** that the United States of America's motion to strike Defendant's *pro se* pleading (ECF No. 55) is **GRANTED**; and

**ORDERED** that Defendant Joseph Cammarata's *ex parte* motion filed *pro se* (ECF No. 54) is **STRICKEN** in its entirety.

s/*Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.