# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | Crim. No.: 3:22-00639-PGS |
| v. | **MEMORANDUM AND ORDER** |
| JOSEPH CAMMARATA | |

This Memorandum and Order vacates both the Court's decision read into the record on May 14, 2024 and the subsequent Order (ECF No. 149). This Memorandum and Order supplements the Court's rationale stated on the record on May 13, 2024 for denying Defendant Joseph Cammarata's ("Defendant") combined motion for a judgment of acquittal under Rule 29(c) or alternatively, a motion for a new trial under Rule 33 (ECF Nos. 134, 137); this combined motion is denied because it does not meet the standard under either Rule 29 or Rule 33. In addition, this Memorandum and Order also denies the Government's Motion to Strike (ECF No. 138).

**I.**

Under Rule 29(c), the moving party bears the very "heavy burden" to show that there was insufficient evidence to maintain a conviction. *United States v. Anderson*, 108 F.3d 478, 481 (3d Cir. 1997) (internal citations and marks omitted).

1

Evidence is to be reviewed in the light most favorable to the prosecution. *United States v. Hart*, 273 F.3d 363, 371 (3d Cir. 2001) (internal citations omitted). The Court must not usurp the role of the jury "'by weighing credibility and assigning weight to the evidence, or by substituting its judgment for that of the jury.'" *United States v. Flores*, 454 F.3d 149, 154 (3d Cir. 2006) (quoting *United States v. Brodie*, 403 F.3d 123, 133 (3d Cir. 2005)); *see also United States v. Brown*, 22-cr-108, 2022 WL 16855129 (D.N.J. Nov. 10, 2022).

Under Rule 33, a court "may vacate any judgment and grant a new trial if the interest of justice so requires." Fed.R.Crim.P. 33. This is a broader standard than Rule 29. A district court can order a new trial on the ground that the jury's verdict is contrary to the weight of the evidence only if it "believes that 'there is a serious danger that a miscarriage of justice has occurred—that is, that an innocent person has been convicted.'" *United States v. Johnson*, 302 F.3d 139, 150 (quoting *United States v. Santos*, 20 F.3d 280, 285 (7th Cir.1994) (internal quotations omitted). Such motions are not favored and should be granted "'sparingly and only in exceptional cases.'" *United States v. Silveus*, 542 F.3d 993, 1005 (3d Cir. 2008)(quoting *Gov't of Virgin Islands v. Derricks*, 810 F.2d 50, 55 (3d Cir.1987)).

## II.

The combined motion is based upon two grounds.  First,  Defendant argues that in a tax evasion case, the Government has the burden to show the amount of income not reported and subtract from that amount all of Defendant's business expenses to determine the net income on which the tax was calculated.  Relatedly, Defendant claims that the Government failed to disclose certain business records that would have shown his business deductions (specifically, Merrill Lynch Wealth Management Account wire transfers and other credit card purchases referenced in undisclosed credit card statements).  Defendant claims that this evidence was produced in his trial in the Eastern District of Pennsylvania, but this evidence was withheld from him in this matter.  Defendant argues that if these alleged expenses and documents were disclosed to him, he would have produced them as evidence at trial.

The first issue is whether the Government has the burden to prove all business deductions and to deduct them from the evaded income that was reviewed at trial. The answer to this question is no.  The Government has no such burden.  *See United States v. Link,* 202 F.2d 592 (3d Cir. 1953); *United States v. Stayback,* 212 F.2d 313 (3d Cir. 1953); *United States v. Smith,* 206 F.2d 905 (3d Cir. 1953).  As the Third Circuit explained in *Stayback*:

> It is well settled that once the government establishes unreported income of the defendant and allows deductions claimed by him in his tax return and others that it can calculate without his assistance, the burden is on the defendant to prove that he had other allowable deductions which were not shown in his return[.]

*Stayback,* 212 F.2d at 317. Further, the *Stayback* court explained that the "government is not required to prove the negative, i.e that the defendant did not have any other deductions." *Id.* (citing *Gariepy v. United States*, 189 F.2d 459, 462 (6th Cir. 1951)). The Third Circuit in *Link* expanded upon this idea, stating that "[o]ther deductions, if there were any, could have easily been established by the defendant." *Link,* 202 F.2d at 593.

In this case, the Government established proof of evaded income at trial by producing a multitude of evidence—including but not limited to testimony, documentary evidence, and affirmative acts of evasion on the part of Defendant—that were considered by the jury. The Government allowed deductions claimed by Defendant. The Government satisfied its burden of proof, and the Court will not usurp the role of the jury by deciding otherwise under Rule 29. In a similar way, no evidence has been presented that the verdict was contrary to the weight of the evidence or that anything about the present prosecution merits the use of the Court's discretion under Rule 33.

Next, the Court evaluates whether the Government failed to disclose the business expenses to Defendant. There is no evidence that the Government failed to

4

comply with its obligations. The Government stated on the record on May 13, 2024 that it disclosed all documents to Defendant—including the disputed Merrill Lynch records—and complied with its discovery obligations on several different occasions.

In support of his argument that the Government withheld documents from him, at oral argument on May 13, 2024, Defendant relied upon an index provided to him by the Government dated sometime in 2022 to prove that the Government had not disclosed the documents to him in this prosecution. This argument holds no water for the following reason; there were other indices which the Government had submitted that showed the production of all documents. Rather, because of the volume of discovery in this case, the parties conferred, and the Government provided a streamlined index to the Defense, resulting in the index of which Defendant complains. Defendant was always in possession of the Merrill Lynch documents of which he claims he did not have; Defendant pointing to an index that does not list those documents does not prove otherwise. The Court is satisfied with the Government's representations that it complied with its discovery obligations and does not believe that Defendant's accusations have merit.

Assuming *arguendo* that the Defendant was correct that these documents were not disclosed to him, the Court struggles with the commonsense proposition which undermines his argument: Defendant knew of his business deductions and of the existence of the supporting documentation. At the May 13, 2024 hearing, Defendant

5

stated on the record that these documents had been produced in the Eastern District of Pennsylvania prosecution.  The Court fails to see how the Government prevented Defendant from arguing the existence of these expenses where Defendant already knew of the expenses and where—prior to trial—both parties indicated that they were prepared to try the case.  No party argued that any expenses or documents were not disclosed or that a third-party subpoena was required to obtain the records.

    Rather, the quagmire here is that Defendant—in his own judgment—did not seek to develop evidence that supported these business expenses.  This issue falls back upon Defendant's choice to represent himself.  After approving Defendant's request to proceed *pro se*, stand-by counsel with expertise in tax law, Mr. Floyd Miller, was appointed.  In order to manage the volume of discovery foisted upon Mr. Miller, another stand-by counsel, Ms. Margaret Grasso, was appointed to assist in the representation of Defendant.  Unfortunately, Defendant—in his own judgment—failed to develop the business expense deductions until about the last day of trial.  This was a strategic decision for which Defendant bears full responsibility; this issue has little to do with discovery issues.

    Accordingly, Defendant's motions are denied.  An appropriate order follows.

                                                                                /s/ Peter G. Sheridan
                                                            PETER G. SHERIDAN,  U.S.D.J.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>v.<br><br>JOSEPH CAMMARATA,<br><br>*Defendant.* | Crim. No.: 3:22-cr-00639-PGS<br><br>**ORDER** |

**WHEREAS,** this matter comes before the Court on Defendant Joseph Cammarata's post-trial motions under Federal Rules of Civil Procedure 29 and 33 (ECF Nos. 134, 137); and

**WHEREAS,** the Government opposes these motions (ECF Nos. 136) and filed a motion to strike (ECF No. 138); and

**WHEREAS,** the Court heard oral arguments on these motions on May 13, 2024; and

**WHEREAS,** the Court previously entered an order dated May 14, 2024 (ECF No. 149) and entered a decision on the record on that same day; and

**WHEREAS,** the Memorandum entered on May 16, 2024 supplements the record developed on these motions on May 13, 2024.

7

**IT IS** on this **16th** day of **May, 2024,**

**ORDERED** that the decision read into the record on May 14, 2024 is **VACATED**; and it is further

**ORDERED** that the Order dated May 14, 2024 (ECF. No 149) is **VACATED**; and it is further

**ORDERED** that, for the reasons stated in the May 16, 2024 Memorandum and on the record on May 13, 2024, Defendant Joseph Cammarata's motions (ECF No. 134, 137) are **DENIED**; and it further

**ORDERED** that, for the reasons stated in the May 16, 2024 Memorandum and on the record on May 13, 2024, the Government's Motion to Strike (ECF No. 138) is **DENIED** as **MOOT**.

                                             /s/ Peter G. Sheridan
                                      PETER G. SHERIDAN, U.S.D.J.