UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | Crim. No.: 3:22-00639 (RK) |
| v. | **OPINION** |
| JOSEPH CAMMARATA | |

**KIRSCH, District Judge**

**THIS MATTER** is before the Court on *pro se* Defendant Joseph Cammarata's ("Defendant") Second Motion for Acquittal pursuant to Federal Rules of Criminal Procedure 29 and 33 ("Renewed Motion for Acquittal") and his Motion to Move the Court to Rule on his Renewed Motion for Acquittal ("Letter Motion"). (*See* ECF Nos. 155, 162.) For the reasons below, both Motions are **DENIED**.

I.  BACKGROUND

Defendant proceeded to trial by jury with the assistance of stand-by counsel, Floyd Miller, esq. and Margaret Grasso, esq. ("Stand-by Counsel"). (*See* ECF Nos. 13, 15, 43.) After a jury trial presided over by Hon. Peter G. Sheridan (ret.), Defendant was found guilty on five counts of income tax evasion in violation of 26 U.S.C. § 7201 on November 15, 2023. (ECF No. 109.) On November 21, 2023, the Government moved, *inter alia*, to limit Defendant to a single set of post-trial motions to avoid duplicative filings filed by Defendant and Stand-by Counsel. (ECF No. 112.) On December 4, 2023, the Court granted the Government's Motion in part, issuing an Order (the "December 4, 2023 Order") limiting Defendant to one brief on each post-trial Motion and noting that "any brief or writing by defendant outside of the one provided for above shall be

1

deemed extraneous and stricken unless it is authorized by the Court in advance." (ECF No. 124 at 1.)

Defendant, through Stand-by Counsel, filed his post-trial motions pursuant to Federal Rules of Criminal Procedure 29 and 33 ("First Motion for Acquittal") on January 29, 2024. (*See* ECF No. 134.) On February 13, 2024, Defendant filed a Motion to Dismiss the Indictment. (*See* ECF No. 137.) The Government opposed these motions, and it filed a Motion to strike Defendant's Motion to Dismiss the Indictment. (*See* ECF Nos. 136, 137.) On May 13, 2024, Hon. Peter G. Sheridan (ret.) heard oral arguments on the pending motions before denying both of Defendant's motions from the bench and denying the Government's motion as moot. (*See* ECF No. 148.) On that same day, Defendant was sentenced to 72 months imprisonment—with 60 months on Counts 1 to 4 to run concurrently with Defendant's sentence from the Eastern District of Pennsylvania[1] and 12 months from Count 5 to run consecutively to Defendant's sentence from the Eastern District of Pennsylvania. (ECF No. 150 at 2.) On May 16, 2024, the Court issued a written Memorandum and Order setting forth its rationale and its grounds for its denial of Defendant's posttrial motions. (*See* ECF No. 152.)

On May 25, 2024, Defendant—through Stand-by Counsel—filed a Notice of Appeal. (*See* ECF No. 154.) On May 30, 2024, Defendant filed his Renewed Motion for Acquittal. (*See* ECF No. 155.) On June 5, 2024, the Government filed its Opposition to the Renewed Motion for Acquittal, raising its jurisdictional objection to the same and noting that the "pendency of

---

[1] On June 8, 2023, in a separate criminal matter, Defendant was sentenced to 120 months of imprisonment after being found guilty at a trial by jury in the Eastern District of Pennsylvania. (Eastern District of Pennsylvania Docket No. 21-cr-427, ECF No. 307 at 3).

2

[Defendant's] appeal deprives this Court of jurisdiction over the reconsideration motion." (ECF No. 157 at 3.) Defendant's Reply was entered on July 9, 2024. (*See* ECF No. 159.)

This case was reassigned to the undersigned on July 12, 2024. (*See* ECF No. 160.) On August 7, 2024, Defendant filed a Letter Motion requesting that the Court rule on his Renewed Motion for Acquittal (*See* ECF No. 162.) Thus, before the Court today are both the Renewed Motion for Acquittal and a Letter Motion pertaining to the same.

## II. **STANDARD**

"As a general rule, the timely filing of a notice of appeal is an event of jurisdictional significance, immediately conferring jurisdiction on a Court of Appeals and divesting a district court of its control over those aspects of the case involved in the appeal." *Venen v. Sweet*, 758 F.2d 117, 120 (3d Cir. 1985) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *United States v. Leppo*, 634 F.2d 101, 104 (3d Cir. 1980)). As further explained by the Third Circuit:

> "Divest" means what it says—the power to act, in all but a limited number of circumstances, has been taken away and placed elsewhere. This judge-made rule has the salutary purpose of preventing the confusion and inefficiency which would of necessity result were two courts to be considering the same issue or issues simultaneously.

*Venen*, 758 F.2d at 120–21. A court may, however, decide a timely motion to reconsider, notwithstanding the filing of the notice of appeal. *United States v. Banks*, 674 F. App'x 121, 124 (3d Cir. 2017).

## III. **DISCUSSION**

These Motions are denied because the Court does not have jurisdiction over the Renewed Motion for Acquittal and the Letter Motion. There is an appeal pending before the Third Circuit,

3

with motions being filed in the appeal as recently as Monday, August 12th of this week. (Third Circuit Docket No. 24-1983 at ECF No. 17.) The Court lost jurisdiction over matters pertaining to Defendant's conviction once this appeal was filed. *See United States v. Georgiou*, 777 F.3d 125, 145 (3d Cir. 2015) (affirming the district court where it, *inter alia*, denied a motion to unseal filed after a notice of appeal was filed with the Third Circuit and noting that the District Court lacked jurisdiction when defendant-appellant filed his motion to unseal); *see also United States v. Flamer*, No. 08-1421, 2009 WL 237084, at *2 (3d Cir. Feb. 3, 2009) (affirming the District Court where it denied defendant-appellant's motion for discovery material since the motion was filed after defendant-appellant's notice of appeal of his conviction and sentence, "at which time the District Court lost jurisdiction over matters pertaining to the conviction."). Here, Defendant—through Stand-by Counsel—filed his Notice of Appeal from Defendant's final Judgment of Conviction and Sentence on May 25, 2024. (*See* ECF No. 154.) The two Motions before the Court were both filed after the Notice of Appeal's filing.[2] The Renewed Motion for Acquittal was filed on May 30, 2024,[3] and the Letter Motion was filed on August 7, 2024. (*See* ECF Nos. 155, 162.) The Court lacks jurisdiction over the Renewed Motion for Acquittal and the Letter Motion.

---

[2] A question of the timeliness of the motion filed by defendant on May 30, 2024 (ECF No. 155) was raised in the briefing. Stand-by Counsel noted this in his Notice of Appeal. (ECF No. 154 at 2.) Defendant raises these arguments himself in his motions, invoking the mailbox rule with respect to when his Renewed Motion for Acquittal was filed. (*E.g.*, ECF No. 162 at 1 (arguing his motion was filed on May 24, 2024); *see also* ECF No. 155 at 1 (where Defendant indicates that a separate judicial misconduct complaint was entered into the prison mailbox on May 27, 2024)). The only evidence the Court has as to the actual mailing of the Renewed Motion for Acquittal is the postage date on the envelope of the Renewed Motion for Acquittal, indicating a postmark date of May 28, 2024. (ECF No. 155 at 41.) As discussed at *infra*, since the motion filed by Defendant on May 30, 2024 (ECF No. 155) is more properly styled a "a renewed motion for acquittal" than a motion for reconsideration, the Court will not address arguments as to the timeliness of a motion to reconsider in this case.

[3] The Court also notes that the filing of the Renewed Motion for Acquittal is in direct contravention of the Court's December 4, 2023 Order. (*See* ECF No. 124.) In the December 4, 2023 Order, the Court gave clear directives to Defendant that he "may file a single brief on each post-trial motion." (*Id.* at 1.) It stated that "any brief or writing by [D]efendant outside of the one provided for *above shall be deemed extraneous and stricken unless it is authorized by the Court in advance.*" (*Id.*) (emphasis added).

While it is clear to the Court that it lacks jurisdiction to decide both the Renewed Motion for Acquittal and the Letter Motion, the Court briefly addresses a question of semantics. Defendant styles the Renewed Motion for Acquittal as a "motion for reconsideration." Upon review, the Renewed Motion for Acquittal contains largely recycled facts from Defendant's First Motion for Acquittal—coupled with Defendant's desire to "put on the record what he believes to have (sic) an unfair trial, judicial errors in denying post-trial motions, improper sentencing hearing," while raising the specter that the trial court had some "pre-existing medical condition that may have impacted the post-trial motion procedures and sentencing."[4] (ECF No. 155 at 2.) The Court harbors serious doubts as to whether such a Motion is properly labeled a "motion for reconsideration."

Even if the Court were to consider it as a motion for reconsideration, Defendant's arguments fail. Defendant appears to raise several different arguments not explicitly addressed in the previous briefing. These arguments surround: (1) the Government's purported withholding of 1042 tax forms; (2) complaints regarding grand jury testimony; (3) complaints regarding the constructive amendment of the indictment by the Government; (4) complaints about the use of the word "fraud" at the District of New Jersey trial. (ECF No. 155 at 7, 21–28.) These arguments do not meet the standard required for a motion for reconsideration.

A motion for reconsideration is appropriate only where there is "'(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial determination on the underlying motion]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.'" *United States v. Dfouni*, 856 F. App'x 388, 389

---

[4] To this last point, among the 41 pages of briefing in the Renewed Motion for Acquittal, Defendant levels conclusory accusations against the judge presiding over his trial in the District of New Jersey, the Hon. Peter G. Sheridan (ret.). (ECF No. 155 at 3–4; ECF No. 162 at 1.) These arguments lack support in the factual record.

5

(3d Cir. 2021) (quoting *United States ex rel. Schumann v. AstraZeneca Pharm. L.P.*, 769 F.3d 837, 848–49 (3d Cir. 2014)). Defendant does not argue (as he cannot) that there was an intervening change in the law or the need to correct an error of law or fact. Rather, he appears to argue that this is "new evidence." This evidence is not new. As pointed out by the case law, where Defendant's arguments are based upon information or evidence that was in Defendant's possession when he filed his First Motion for Acquittal, they are not "new" evidence. *Dfouni*, 856 F. App'x at 390 (finding that a settlement agreement that was appended to a motion for reconsideration did not qualify as "new evidence" given that defendant "had obtained the settlement agreement prior to submitting" his initial motion.) Here, Defendant was in possession of all of the information or evidence he puts forth prior to the filing of his First Motion for Acquittal on January 29, 2024. There is no intervening change in the controlling law. There is no need to correct a clear error of law or fact or prevent manifest injustice. Defendant fails to meet any of the three factors necessary to grant a motion for reconsideration. Thus, although this Court lacks jurisdiction to consider the Renewed Motion for Acquittal and Letter Motion—even if it did have jurisdiction—Defendant's arguments fail.

## CONCLUSION

For the foregoing reasons, Defendant's Renewed Motion for Acquittal (ECF No. 155) and his Letter Motion (ECF No. 162) are **DENIED**. An appropriate Order will accompany this Opinion.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**

Dated: August 15, 2024